UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                    Case No. 1:06:CR:292

ERIC JAMES CHURCH,                                            HON. GORDON J. QUIST

        Defendant.
_____/

## OPINION

Defendant, Eric James Church, has been charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), 924(a)(2). Defendant moves to suppress evidence that law enforcement officers obtained during a warrantless entry into a residence on July 30, 2006. For the reasons set forth below, the Court will deny the motion.

### Findings of Fact

On December 12, 2005, at approximately 8:07 p.m., Officer Chad Hoop of the City of Muskegon Police Department arrived at 1136 Chestnut Street, Muskegon, Michigan, in response to a 911 call from a female. Officer Hoop had been informed by the 911 dispatcher that a male was at the residence, was intoxicated, was violent, and had a rifle on the couch. Officer Hoop was further informed that a twelve year old and a four year old were also in the residence. Officer Hoop also was informed that the person in the house had a court order not to drink. When Officer Hoop arrived at the house, Catherine Ward, who was in the house, came to the screen door and let Officer Hoop into the house. Catherine Ward was defendant's girlfriend. Officer Hoop believed Ms. Ward to be the

911 caller and an occupant of the house. As Officer Hoop entered the house, he noticed a shotgun lying on a towel on the couch. The shotgun was in plain view. Officer Hoop went into the kitchen, where defendant was sitting. He ordered defendant to stand and interlock his fingers on his head. Defendant complied. Officer Hoop then handcuffed defendant. While still in the house, Officer Hoop was informed that defendant was wanted on three warrants, and that defendant was subject to a personal protection order barring him from being in the premises. Officer Hoop then placed defendant under arrest.

## Conclusions of Law

In his motion, defendant contends that the evidence, the shotgun, obtained during the warrantless entry into the Chestnut Street house must be suppressed because the search was not valid under either of the two recognized exceptions to the warrant requirement that would be applicable in this case: consent and exigent circumstances.

**Consent**

It is well-established that searches or seizures conducted without a warrant in a private residence are presumptively unreasonable unless one of the few recognized exceptions to the warrant requirement applies. See Payton v. New York, 445 U.S. 573, 586, 100 S. Ct. 1371, 1380 (1980). Consent is one of the exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973). A person may freely and voluntarily waive his Fourth Amendment rights by consenting to a search. See Davis v. United States, 328 U.S. 582, 593-94, 66 S. Ct. 1256, 1261-62 (1946). Consent must be freely and voluntarily given, and it "'may be in the form of words, gesture, or conduct.'" United States v. Carter, 378 F.3d 584, 587 (6th Cir. 2004) (quoting United States v. Griffin, 530 F.2d 739, 742 (7th Cir. 1976)). Consent may be given by persons other than the

defendant, including "'a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.'" United States v. Morgan, 435 F.3d 660, 663 (6th Cir. 2006) (quoting United States v. Matlock, 415 U.S. 164, 171, 94 S. Ct. 988, 993 (1974)).

In this case, Officer Hoop, who was responding to a "domestic" incident, was met at the screen door entrance by a person, Ms. Ward, who was obviously in the dwelling and who invited Hoop to enter the premises. There need be only an objectively reasonable basis to conclude that the individual has authority to give consent, which was present in this case. See United States v. Williams, 138 F. App'x 743, 745 (6th Cir. 2005) (noting that a search is valid so long as the police reasonably believed that the consenting party had authority over the premises). Accordingly, Officer Hoop could reasonably conclude, and did conclude, that he had consent to enter the residence.

The Supreme Court's decision in Georgia v. Randolph, 126 S. Ct. 1515 (2006) does not help defendant. In Randolph, the Court held that in a situation involving co-occupants who have common authority over a premises, the consent of one co-occupant to a search is invalid "when the other, who later seeks to suppress the evidence, is present at the scene and expressly refuses to consent." Id. at 1519. In that case, the estranged wife of the defendant gave police permission to search their marital residence for drugs, but the husband, who was present, "unequivocally refused." Id. Here, defendant was present in the house, but it is undisputed that he did not raise any objection to the entry, which Ms. Ward invited.

**Exigent Circumstances**

Exigent circumstances are another exception to the warrant requirement. The Supreme Court has determined that warrantless searches may be reasonable if "the exigencies of the situation make

3

the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." Brigham City v. Stuart, 126 S. Ct. 1943, 1947 (2006). Exigent circumstances exist when there is a "need for prompt action by government personnel" such that the delay in securing a warrant "would be unacceptable under the circumstances." United States v. Plavcak, 411 F.3d 655, 663 (6th Cir. 2005). "While it is not possible to articulate a succinct yet exhaustive list of circumstances that qualify as 'exigent,'" there are four general categories in which warrantless entries may be justified: "(1) hot pursuit of a fleeing felon, (2) imminent destruction of evidence, (3) the need to prevent a suspect's escape, and (4) a risk of danger to the police or others." United States v. Rohrig, 98 F.3d 1506, 1515 (6th Cir. 1996).

From his communications with dispatch, Officer Hoop believed that defendant posed a risk of danger to Ms. Ward and to the two children believed to be within the residence. When Officer Hoop arrived at the residence, he was met by Ms. Ward, who confirmed that defendant was inside with a gun. The Sixth Circuit has determined that "[t]he presence of a weapon creates an exigent circumstance, provided the government is able to prove they possessed information that the suspect was armed and likely to use a weapon or become violent." Dickerson v. McClellan, 101 F.3d 1151, 1160 (6th Cir. 1996) (quoting United States v. Bates, 84 F.3d 790, 795 (6th Cir. 1996)). In finding that exigent circumstances existed where officers entered a residence in response to an anonymous 911 call reporting domestic violence involving a child, this district court stated that "[t]he duty to investigate a threat to a minor and, if necessary, to protect that child, on the part of the police is unquestionable." Schreiber v. Moe, 445 F.Supp.2d 799, 810 (W.D. Mich. 2006). In fact, the Supreme Court in Randolph explained:

4

> But this case has no bearing on the capacity of the police to protect domestic victims. The dissent's argument rests on the failure to distinguish two different issues: when the police may enter without committing a trespass, and when the police may enter to search for evidence. No question has been raised, or reasonably could be, about the authority of the police to enter a dwelling to protect a resident from domestic violence; so long as they have good reason to believe such a threat exists, it would be silly to suggest that the police would commit a tort by entering, say, to give a complaining tenant the opportunity to collect belongings and get out safely, or to determine whether violence (or threat of violence) has just occurred or is about to (or soon will) occur, however much a spouse or other co-tenant objected. (And since the police would then be lawfully in the premises, there is no question that they could seize any evidence in plain view or take further action supported by any consequent probable cause, see Texas v. Brown, 460 U.S. 730, 737-739, 103 S. Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion).) Thus, the question whether the police might lawfully enter over objection in order to provide any protection that might be reasonable is easily answered yes.

Id. at 1525.

Officer Hoop had information that defendant possessed a gun, was intoxicated, was acting violently, and that there were children in the residence. Based on this information, Officer Hoop could have reasonably concluded that defendant posed a risk of danger to Ms. Ward and the children and that exigent circumstances existed which permitted a warrantless entry into the residence.

## **Conclusion**

For the foregoing reasons, the Court will deny defendant's motion to suppress evidence.

An Order consistent with this Opinion will be entered.


Dated:  March 2, 2007                                                       /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE